**SUPREME COURT OF PENNSYLVANIA**
**COMMITTEE ON RULES OF EVIDENCE**
**ORPHANS' COURT PROCEDURAL RULES COMMITTEE**
**CRIMINAL PROCEDURAL RULES COMMITTEE**
**JUVENILE COURT PROCEDURAL RULES COMMITTEE**
**MINOR COURT RULES COMMITTEE**

**ADOPTION REPORT**

**Amendment of Pa.R.E. 201**
**Adoption of Pa.R.O.C.P. 1.22, Pa.R.Crim.P. 102.1,**
**Pa.R.J.C.P. 138 and 1138, and Pa.R.Civ.P.M.D.J. 242**

On February 13, 2023, the Supreme Court amended Pennsylvania Rule of Evidence 201 and adopted Pennsylvania Rule of Orphans' Court Procedure 1.22, Pennsylvania Rule of Criminal Procedure 102.1, Pennsylvania Rules of Juvenile Court Procedure 138 and 1138, and Pennsylvania Rule of Civil Procedure Before Magisterial District Judges 242 to permit the parties and the court to cite non-precedential intermediate appellate court opinions and single-judge opinions of the Commonwealth Court in election law matters, in accordance with Pa.R.A.P. 126. The Rules Committees have prepared this Adoption Report describing the rulemaking process. An Adoption Report should not be confused with Comments to the rules. *See* Pa.R.J.A. 103, cmt. The statements contained herein are those of the Committees, not the Court.

On January 5, 2022, the Court adopted a recommendation of the Civil Procedural Rules Committee to permit the citation of authority in accordance with Pa.R.A.P. 126 in civil proceedings. Thereafter, the Juvenile Court Procedural Rules Committee, the Orphans' Court Procedural Rules Committee, the Criminal Procedural Rules Committee, and the Domestic Relations Procedural Rules Committee considered rules similar to Pa.R.Civ.P. 242. The Committees collectively agreed that similar rules were warranted. While in agreement, the Domestic Relations Procedural Rules Committee did not believe that further rulemaking within the rules governing family court proceedings was necessary given that those rules are presently contained within the Pennsylvania Rules of Civil Procedure. Accordingly, Pa.R.J.C.P. 138 and 1138, Pa.R.O.C.P. 1.22, and Pa.R.Crim.P. 102.1 have been adopted with language mirroring that of Pa.R.Civ.P. 242.

The Minor Court Rules Committee also saw merit in maintaining consistency among the bodies of rules. That Committee observed that the rules governing procedure in magisterial district courts neither address written briefs submitted by the parties nor require written opinions to be issued by the magisterial district judge. Nonetheless, the Committee interpreted "citation" to include a verbal reference to legal authority in accordance with Pa.R.A.P. 126 during the parties' arguments or by handing up an opinion to the magisterial district judge who may then consider the authority in rendering a

decision. Accordingly, Pa.R.Civ.P.M.D.J. 242 has been adopted with language mirroring that of Pa.R.Civ.P. 242.

The Committee on Rules of Evidence observed that the Comment to Pa.R.E. 201 discusses judicial notice of the law: "In determining the law applicable to a matter, the judge is sometimes said to take judicial notice of the law." *Id.* at ¶ 2. To aid readers in understanding that Pennsylvania intermediate appellate court opinions may be cited, and therefore taken judicial notice of, the Comment to Pa.R.E. 201 was amended to include references to Pa.R.Civ.P. 242, Pa.R.J.C.P. 138 and 1138, Pa.R.O.C.P. 1.22, Pa.R.Crim.P. 102.1, and Pa.R.Civ.P.M.D.J. 242. While Pa.R.A.P. 126 now appears applicable to only appellate proceedings given the adoption of Pa.R.Civ.P. 242 and the other rules, a reference to Pa.R.A.P. 126 was included to eliminate any potential confusion with its omission.

The Committee also reviewed the current description of categories of adjudicative facts in the second sentence in the second paragraph of the Comment to Pa.R.E. 201. Presently, that sentence states: "Adjudicative facts are facts about the events, persons and places relevant to the matter before the court. *See* 2 McCormick, Evidence § 328 (6th ed. 2006)."

That sentence was revised in two aspects. First, the Committee believed the categories of adjudicative facts stated were too limited. *See* 1 West's Pa. Prac., Evidence § 201-2 (4th ed. 2021) (providing examples of categories that include nature, mathematics, science, medicine, language, words, abbreviations, times, days, and dates). Accordingly, the phrase, "or other subjects," has been added to the current description of the categories. Of course, this category, as well as the other categories, must still be relevant to the case.

Second, the Committee observed that statements in the commentary should reference the discussion of secondary sources of the Pennsylvania Rules of Evidence, when available, rather than the Federal Rules of Evidence. Therefore, the reference to *McCormick on Evidence* has been replaced with a reference to 1 West's Pa. Prac., Evidence §§ 201-1, 201-2 (4th ed. 2021).

The Committees did not publish these proposals for comment because of the Civil Procedural Rules Committee's prior publication and the Court's adoption of that Committee's recommendation. *See* 51 Pa.B. 1002 (February 27, 2021) (proposed Pa.R.Civ.P. 242 published for comment); 52 Pa.B. 440 (January 22, 2022) (adoption of Pa.R.Civ.P. 242); Pa.R.J.A. 103(a)(3) (permitting adoption of rule without prior publication).

These amendments become effective April 1, 2023.